**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00669-PAB

JOZSEF DARU,

      Plaintiff,

v.

HYATT CORPORATION
d//b/a GRAND HYATT VAIL,

      Defendant.

---

## SCHEDULING ORDER

---

### 1.  DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling and Planning Conference is set for May 31, 2022, at 1:15p.m. in Courtroom

A-501, Fifth Floor, Alfred J. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

Counsel attending the scheduling conference are:

| | |
|---|---|
| Gary Martoccio | Joseph W. Ozmer II |
| Spielberger Law Group | Gary E. Thomas |
| 4890 W. Kennedy Blvd., Suite 950 | Kabat Chapman & Ozmer LLP |
| Tampa, Florida 33609 | 171 17th Street, Suite 1550 |
| Phone: 800-965-1570 | Atlanta, GA 30363 |
| Fax: 866-580-7499 | Phone: 404-400-7300 |
| gary.martoccio@spielbergerlawgroup.com | Fax: 404-400-7333 |
| | jozmer@kcozlaw.com |
| *Attorneys for Plaintiff* | gthomas@kcozlaw.com |
| | |
| | *Attorneys for Defendant* |

## 2.  STATEMENT OF JURISDICTION

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff has brought claims under the Family and Medical Leave Act of 1990 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*  All events that gave rise to the causes of action stated herein occurred within the District of Colorado.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff:

On or about February 3, 2021, Plaintiff entered a treatment facility to seek treatment related to alcoholism. Plaintiff called Danielle Chavez, Human Resources, and requested to use sick time to cover his absences. On or about February 7, 2021, the treatment center sent Plaintiff to a local hospital's emergency room, where Plaintiff was diagnosed with a kidney injury, acute cystitis, and hyponatremia. On or about February 8, 2021, Plaintiff's wife, Jaqueline Daru, called Ms. Chavez and informed her that Plaintiff was in the hospital and would not have access to phone or email for the foreseeable future. Following this conversation with Plaintiff's wife, knowing that Plaintiff did not have access to his phone or email, Ms. Chavez emailed Plaintiff on February 8, 2021, at 1:13pm indicating, "I do need to have a doctor's note by 5PM today, otherwise in accordance with our hotel attendance policy, we are considering this voluntary resignation from your position."  The next day, Defendant terminated Plaintiff's employment, despite having knowledge that he did not have access to phone or email and without allowing Plaintiff a reasonable period of time, as required by law, to submit documentation to support his absence.

b.      Defendant:

Plaintiff was employed by Defendant Hyatt Corporation d/b/a Grand Hyatt Vail ("Hyatt") in the position of Director of Engineering at the Grand Hyatt Vail (the "Hotel") from in or about July 2019 until February 8, 2021. In 2020 and 2021, there were serious deficiencies in Plaintiff's job performance that the Hotel's General Manager, Dan Johnson, discussed with him. The deficiencies involved Plaintiff's poor communication with the engineering staff and leaders at the Hotel, behavior that showed a lack of respect towards colleagues and vendors, and poor organization and follow-through. Further, in January 2021, significant additional deficiencies were discovered by an engineering task force member who observed dangerous conditions that Plaintiff allowed to exist within the Hotel's central plant.

Mr. Johnson met with Plaintiff on Friday, January 29, 2021, to discuss his deficient job performance. At that meeting, Plaintiff did not disclose he had any health problems that impaired his ability to do his job or that he needed time off work. Plaintiff acknowledged that he was failing in his job, had failed to comply with the established requirements to ensure the engineering department complied with Hyatt standards, was not communicating at the level expected of a senior manager, had not accepted administrative support that had been provided to him, and was not behaving in a manner consistent with Hyatt's core values. By the end of the meeting, Mr. Johnson had serious doubts about whether Plaintiff's performance could be improved, and he told Plaintiff he would think about whether Plaintiff could continue in his job. The next day (Saturday, January 30, 2021), Mr. Johnson concluded that Plaintiff's performance failures justified terminating his employment. He then sent a follow-up email to Plaintiff stating they would have another

discussion on Monday, February 1, 2021.  Mr. Johnson planned to convey his termination decision to Plaintiff at that time.

However, on Monday, February 1 (the date set for the meeting), Plaintiff sent Mr. Johnson an email saying he did not feel well and would not be at work.  Later in the day, Plaintiff sent a text message to Human Resources Director Danielle Chavez stating he was "still not good" and hoped to be better soon.  On February 2, Plaintiff sent email and text messages saying he was still sick and would see his doctor the next day (Wednesday, February 3).  Plaintiff then spoke by telephone with Ms. Chavez on February 3 and told her that he was in his doctor's office and might return to work on Thursday, February 4.  None of Plaintiff's communications disclosed the nature of his illness or suggested he had a condition that substantially limited a major life activity.

Plaintiff did not report to work on Thursday, February 4.  When contacted about his absence, he sent an email that said he was getting a doctor's note but did not provide any information to explain his absence or his condition.  The Hotel did not receive a doctor's note and Plaintiff did not respond to Mr. Johnson's follow-up telephone message.

Plaintiff was scheduled to work on Friday, February 5, but again failed to show up for work and failed to report that he would be absent.  Mr. Johnson sent Plaintiff an email asking about his status and reminding him of his responsibility to alert the Hotel if he was not coming to work.  Plaintiff did not respond to the email or provide a doctor's note.  On Saturday, February 6, Plaintiff again failed to show up for work and failed to communicate with the Hotel.

Plaintiff was next scheduled to work on Monday, February 8.  He again failed to show up for work and failed to communicate with the Hotel.  Accordingly, Ms. Chavez sent Plaintiff an email stating his conduct on February 5, 6, and 8 violated the Hotel's attendance policy because

he failed to come to work and failed to call in.  She asked Plaintiff to provide a doctor's note by the end of the day or his absences would be considered a voluntary resignation under Hyatt's relevant attendance policy.  Plaintiff did not respond to Ms. Chavez.  Consequently, on Tuesday, February 9, Ms. Chavez sent Plaintiff an email stating that the Hotel was treating his conduct as a voluntary resignation.   Ms. Chavez also sent, by U.S. certified mail and separate overnight delivery, a formal letter of termination dated February 9, 2021 advising Plaintiff that, per the Hotel's attendance policy, his employment was separated as a voluntary resignation for failing to report to work without calling for two (2) consecutive shifts.

Hyatt did not interfere in any way with the exercise of Plaintiff's rights under the FMLA or retaliate against him in violation of the FMLA.  Similarly, Hyatt did not discriminate or retaliate against Plaintiff based on any alleged or perceived disability in violation of the ADA.  Any and all actions taken with regard to Plaintiff's employment relationship with Hyatt were based solely upon legitimate, non-discriminatory, non-retaliatory factors, were fully justified, and were not contrary to any federal anti-discrimination statutes or otherwise unlawful.  Hyatt denies any wrongdoing and denies that Plaintiff is entitled to any relief against it whatsoever.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

1.      Plaintiff Jozsef Daru was employed by Hyatt Corporation from in or about July 2019 through on or about February 9, 2021.

2.      Plaintiff was separated from his employment with Hyatt Corporation on or about February 9, 2021.

## 5.  COMPUTATION OF DAMAGES

a.      Plaintiff:

Plaintiff was out of work for approximately three months (approximately $37,500 in back pay). Plaintiff's annual earnings are approximately $20,000 less than his annual earnings while employed by Defendant. Back pay ($37,500) plus the loss in annual earnings for one year ($20,000 and mounting) is equal to $57,500 in lost wage damage and mounting, plus interest.  Compensatory and punitive damages are equal to approximately $300,000 each ($600,000 total), and Plaintiff's attorney's fees are $15,000 and will mount as the case progresses.  Plaintiff's total damages at this time are $672,500 and mounting, plus interest.

b.      Defendant: None.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(F)

a.      Date of Rule 26(f) meeting:

May 11, 2022.

b.      Names of each participant and party he/she represented:

Gary Martoccio for Plaintiff; Gary E. Thomas for Defendant.

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made:

Such disclosures will be made on or before Wednesday, May 25, 2022.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

None.

e.      Statement concerning any agreements to conduct informal discovery:

None.

f.      Statement concerning any other agreements or procedures to reduce discovery and

other litigation costs, including the use of a unified exhibit numbering system:

The parties agree to use a unified numbering system for deposition exhibits.  The

parties also agree, to the extent possible, to exchange discovery and exhibits

electronically, in PDF form, and to Bates-number all documents produced.  The

parties have not made any other agreements regarding procedures to reduce

discovery or other litigation costs but have agreed to consider options for such

procedures as the case progresses.

g.      Statement as to whether the parties anticipate that their claims or defenses will

involve extensive electronically stored information, or that a substantial amount of

disclosure or discovery will involve information or records maintained in electronic

form.

The parties believe there will be some electronic discovery, but they do not

anticipate it will be extensive.  Accordingly, the parties do not see a need for an

electronically stored information discovery plan.

h.      Statement summarizing the parties' discussions regarding the possibilities for

promptly settling or resolving the case.

The parties are willing to conduct settlement discussions as appropriate.  The parties

believe they should first take some discovery to better assess their respective

positions.

### 7.  CONSENT

All parties ☐ [have] ☒ [have not] consented to the exercise of jurisdiction of a magistrate judge.

### 8.  DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Each party may take up to five (5) depositions, exclusive of specially retained expert witnesses, and serve up to 25 interrogatories, including subparts.

b.      Limitations which any party proposes on the length of depositions.

Depositions shall not exceed seven (7) hours, without prior agreement or absent leave of court.

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

Without leave of court, each side shall be limited to 25 requests for production and 25 requests for admissions, including subparts, except that there shall be no limit on the number of requests for admission of the authenticity of a document or other exhibit.

d.      Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions.

The parties propose that all written discovery be served not later than thirty-three (33) days before the close of discovery.

e.      Other Planning or Discovery Orders.

Motions to compel shall be filed not later than the discovery cutoff.  Before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov. See Fed. R.

Civ. P. 16, cmt. 2015 Amend.  The Court will determine at the conference whether to grant the movant leave to file the motion.

## 9.  CASE PLAN AND SCHEDULE

a.　　　Deadline for Joinder of Parties and Amendment of Pleadings: June 15, 2022.

b.　　　Discovery Cut-off: December 30, 2022.

c.　　　Dispositive Motion Deadline: January 30, 2023.

d.　　　Expert Witness Disclosure: August 30, 2022.

　　　1.　　　The parties anticipate that experts will be necessary to testify regarding:

　　　　　　Plaintiff: Economist Expert.

　　　　　　Defendant: Economist Expert.

　　　2.　　　The parties stipulate that each side shall be limited to one (1) retained expert witnesses.

　　　3.　　　The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 30, 2022.

　　　4.　　　The parties shall designate all rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 14, 2022.

e.　　　Identification of Persons to Be Deposed:

　　　1.　　　Plaintiff: At this time Plaintiff anticipates deposing Danielle Chavez.

　　　2.　　　Defendant: At this time, Defendant anticipates deposing: Plaintiff Jozsef Daru and Jacqueline Daru.

The parties reserve their right to depose other witnesses as discovery progresses. The parties need not move to amend this scheduling order to depose persons not identified in the above lists, provided that the parties adhere to the limits on the number of depositions set forth in § 8(a) above.

## 10.  DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

_____

b.      A final pretrial conference will be held in this case on _____ at _____ o'clock __ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b.      Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate a jury trial of four (4) days.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-

2520; or the U.S. Courthouse/Federal Building 103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(d) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2022.

BY THE COURT:

_____

United States Magistrate Judge

APPROVED:

**SPIELBERGER LAW GROUP**

*/s/ Gary Martoccio*
Gary Martoccio
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
Telephone: (800) 965-1570
Fax: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
***Attorneys for Plaintiff***

**KABAT CHAPMAN & OZMER LLP**

*/s/ Joseph W. Ozmer*
Joseph W. Ozmer II
Gary E. Thomas
171 17th Street N.W., Suite 1550
Atlanta, Georgia 30363
Telephone: (404) 400-7300
Fax: (404) 400-7333
jozmer@kcozlaw.com
gthomas@kcozlaw.com
***Attorneys for Defendant***

12