**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00669-PAB-GPG

JOZSEF DARU,

      Plaintiff,

v.

HYATT CORPORATION
d//b/a GRAND HYATT VAIL,

      Defendant.

**PROTECTIVE ORDER PURSUANT TO FED. R. CIV.**
**P. 26(c) AND F.R.E. 502(d)**

This matter comes before the Court on the Parties' Stipulated Motion for Entry of Protective Order Pursuant to Fed R. Civ. P. 26(c) and F.R.E. 502(d). The Court has reviewed that Motion and finds it is meritorious and acceptable. Therefore, IT IS ORDERED:

1. This Protective Order shall apply to documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and/or statutory privacy interests such as: (a) personnel records of current or former employees of Defendant Hyatt Corporation d/b/a Grand Hyatt Vail

-1-

("Defendant"); (b) Defendant's trade secrets or other confidential and proprietary commercial or financial information belonging to Defendant, including certain documents regarding Defendant's policies, operations, employees, or other confidential information; (c) medical records and/or other documents containing medical information pertaining to Plaintiff Jozsef Daru; and (d) personal identification, tax and financial information of Plaintiff.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action, and shall not be used for any other purpose or action whatsoever without the consent of the party producing it or further Order of the Court. CONFIDENTIAL information may be disclosed only to:

(a) Attorneys actively working on this case;

(b) Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or other proceedings in this case;

(c) The Parties, including designated representatives for Defendant;

(d) Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) The Court and its employees ("Court Personnel");

(f) Stenographic or video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) Deponents, witnesses, or potential witnesses, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; and

(h) Other persons to whom all Parties agree in writing to the disclosure of such information.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, the Parties, Court Personnel, and stenographic or video reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed "Written Assurance" in the form attached hereto as Exhibit A. All such written assurances shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. The inadvertent, unintentional, or in camera disclosure of CONFIDENTIAL information shall not be deemed to be a waiver of any claims of confidentiality. Any party who inadvertently discloses and fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. Any party receiving such improperly designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents, within fourteen (14) days of receiving a written request.

8. Pursuant to Federal Rule of Evidence 502(d), the Court orders protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other proceedings) as follows:

(a) The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceedings. This Stipulated Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

(b) Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(c) If, during the course of this litigation, a Party determines that any document that is produced by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

    i. The Producing Party may notify the Receiving Party of such inadvertent production in writing and demand the return of the Protected Document.

    ii. The Receiving Party must, within fourteen (14) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the

deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Transcript pages containing CONFIDENTIAL information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the party designating such portions of the transcript or transcripts to be treated as Confidential.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL. All motions made under this paragraph shall be made in accordance with Judge Gallagher's discovery dispute procedures.

12. Any pleadings, exhibits or filings which contain CONFIDENTIAL information, or testimony designated as CONFIDENTIAL, shall be filed in conformance with D.C.COLO.LCivR 7.2. Prior to disclosure at trial or a hearing of CONFIDENTIAL information, the parties may seek further protections against public disclosure from the Court.

13. Within 30 days of the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated them CONFIDENTIAL. In the alternative, the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. The Receiving Party, however, need not destroy or return (a) any CONFIDENTIAL information that it is required by law to maintain or (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to CONFIDENTIAL information.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

SO ORDERED: _May 27__, 2022.

_____
Hon. Gordon P. Gallagher, Magistrate Judge
United States District Court, District of Colorado

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00669-PAB-GPG

JOZSEF DARU,

    Plaintiff,

v.

HYATT CORPORATION
d//b/a GRAND HYATT VAIL,

    Defendant.

**EXHIBIT A – WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in the case of *Jozsef Daru v. Hyatt Corporation d/b/a Grand Hyatt Vail*, United States District Court for the District of Colorado, Civil Action No. 1:22-cv-00669. I agree to comply with and be bound by the provision of this Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I will not disclose any information or item that is designated Confidential to any person or entity, except in compliance with the provisions of this Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than ten (10) days after final termination of this Action, I shall return or destroy any documents in my possession designated as Confidential, and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents, to the Attorney from whom I received them.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on: _____    _____
                    (Date)                              (Signature)

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of _____, 2022, the foregoing **[PROPOSED] PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c) AND F.R.E. 502(d)** was filed using the Court's CM/ECF system and will be served via the Court's CM/ECF filing system, on the following:

>Gary Martoccio, Esq.
>Spielberger Law Group
>4890 W. Kennedy Blvd., Suite 950
>Tampa, Florida 33609
>gary.martoccio@spielbergerlawgroup.com

>>KABAT CHAPMAN & OZMER, LLP

>>*/s/ Gary E. Thomas*
>>Joseph W. Ozmer II
>>Gary E. Thomas
>>171 17th Street NW, Suite 1550
>>Atlanta, Georgia 30363
>>Tel: (404) 400-7300
>>Fax: (404) 700-7333
>>Email:  jozmer@kcozlaw.com
>>gthomas@kcozlaw.com
>>*Attorneys for Defendant*

-9-